UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

    SUCCESSOR BORROWER SERVICES, LLC,                  09-13505 B

                                         Debtor            <u>DECISION & ORDER</u>
---------------------------------------------------

                    Damon & Morey LLP
                    Daniel F. Brown, Esq., of counsel
                    The Avant Building
                    200 Delaware Avenue, Suite 1200
                    Buffalo, New York 14202-2150
                    Attorneys for the Debtor

                    Diana G. Adams
                    United States Trustee for Region 2
                    Joseph W. Allen, Esq.
                    Assistant U.S. Trustee
                    42 Delaware Avenue, Suite 100
                    Buffalo, New York 14202

Bucki, Chief U.S.B.J., W.D.N.Y.

      In this Chapter 11 case, the United States Trustee objects to the terms of a retainer agreement between the debtor and its counsel. The central issue involves the propriety of a security interest that the debtor has given as collateral for the payment of legal fees.

      Successor Borrower Services, LLC, is a limited liability company organized under Delaware law. Doing business in New York, the company primarily conducts loan defeasance transactions. In its application to appoint counsel, Successor Borrower Services provides the following explanation of its business activity: "Defeasance is a substitution of collateral via a process through which a borrower and the loan's original collateral are released from the obligations associated with the loan through the purchase of a portfolio of approved fixed income securities (bonds) to serve as replacement collateral to secure the loan and to generate the cash flows required to repay the loan through the scheduled maturity or an earlier optional prepayment date. . . . [Successor Borrower

Services] creates special purpose entities ("SPEs") to serve as the successor borrowers in defeasance transactions, maintains these SPEs until the original loan maturity and repays the defeased loan obligation." Upon repayment, Successor Borrower Services then retains a share of the remaining assets of the SPE.

Successor Borrow Services, LLC, filed the present petition for relief under Chapter 11 of the Bankruptcy Code on July 29, 2009. Shortly thereafter, the debtor moved under 11 U.S.C. §327(a) for authority to employ Damon & Morey LLP as its attorneys. In papers submitted in support of the application, the debtor and Damon & Morey disclose that prior to the bankruptcy filing, the debtor executed a promissory note in favor of the law firm for future legal fees in an amount not to exceed $150,000. To secure this note, the debtor granted a general security interest in all of the assets of the debtor and of a wholly-owned subsidiary. Then, to perfect that lien, Damon & Morey filed a UCC-1 Financing Statement in Delaware. Fearing a possible conflict of interest, the United States Trustee opposes the retention of counsel unless Damon & Morey releases its security interest in the assets of the debtor and of subsidiaries of the debtor.

Section 327 of the Bankruptcy Code addresses the requirements for employment of professional persons. With the court's approval, a debtor in possession may employ attorneys and other professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). In the present instance, the proposed counsel wishes to retain an interest in estate property that will secure prospective legal fees. The issue is whether that interest is adverse to the estate in ways that should preclude the proposed retainer arrangement.

In *In re City Mattress, Inc.*, 163 B.R. 687 (Bankr. W.D.N.Y. 1994), this court examined the various considerations that determine whether a debtor's counsel may hold security for prospective legal fees. Generally, lien holders possess a property interest adverse to the estate. On the other hand, as we noted in *City Mattress*, "[t]he adequate assurance of reasonable compensation is a vital safeguard of a professional's independent judgment." For the reasons stated in that decision, we

recognized a need to balance the dangers arising from retention of security with the need to safeguard the independent judgment of counsel. For example, in *City Mattress*, the debtor and its counsel asked the court to sanction an employment arrangement under which legal fees would be secured by a mortgage on property owned not by the debtor but by its principal. Although the debtor leased the property from the principal, that collateral represented only one of twelve store locations. Noting that the debtor had advanced a relatively small cash deposit, we concluded that "[o]n balance, the dangers arising from delivery of the mortgage are less than the risks that result from an inadequate retainer." 163 B.R. at 689.

The present facts differ materially from those in *City Mattress*. First, Successor Borrower Services itself owns the proposed collateral. Consequently, any enforcement of the lien would implicate directly an asset of the bankruptcy estate. In the event of conversion to Chapter 7, the lien would prime the rights of the trustee to recover his or her administrative expenses. The proposed lien contrasts, therefore, with third-party mortgages that create no encumbrance upon estate property.

Second, Successor Borrower Services and its counsel propose a lien that will impair all of the debtor's core assets. In schedules filed with its petition, Successor Borrower Services identifies its chief asset as an interest in various limited liability companies, including all of the special purpose entities formed to serve as successor borrowers in the defeasance transactions that the debtor has orchestrated. With a stated value of $2.3 million, these special purpose entities represent more than sixty-five percent of the value of all scheduled assets. Essential to any business plan of the debtor, the special purpose entities would become collateral for payment of legal fees under the retainer agreement. As compared to the *City Mattress* mortgage affecting only one of twelve store locations, the proposed lien in the instant case could impact every aspect of the debtor's operations.

Third, counsel's need for a reasonable retainer does not justify the proposed lien on essentially all assets of Successor Borrower Services. On schedules filed with its bankruptcy petition, the debtor reports assets having a value in excess of $3.5 million. Secured obligations total only

09-13505B                                                                                                                  4


09-13505B                                                                                 4

$280,000, in addition to the proposed lien for the benefit of Damon & Morey. By these numbers, the debtor possesses assets amply sufficient to satisfy priority claims like those of counsel in Chapter 11. Moreover, Damon & Morey enjoys a further guarantee of its fees by the debtor's principal owner, as well as a security interest on other unrelated assets of that principal.

Damon & Morey contends that its lien does not truly create a conflict of interest, because the firm has agreed in advance to consent to any sale of the collateral and to any grant of a superior lien to secure debtor in possession financing. While such concessions may ameliorate the risk of conflict, they do not adequately reduce its possibility. Counsel must always stand ready to advise clients on matters of both law and judgment. The concern is not whether Damon & Morey has consented to any particular treatment of its collateral position, but whether it can preserve the independence of its advice and guidance.

The security interest on all of the core assets of Successor Borrower Services has created a potential for conflict as between the interests of the debtor and its counsel. On balance, the benefits of a reasonable retainer do not in this instance justify the broad compromise of counsel's disinterestedness. Accordingly, the trustee's objection to the appointment of counsel is sustained. Upon submission of a written waiver of any security interest in assets of the debtor, this court will approve the appointment of Damon & Morey as counsel. Otherwise, the application for such appointment is denied.

So ordered.

Dated:      Buffalo, New York                          /s/    CARL L. BUCKI
            March 5, 2010                              Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.

Case 1-09-13505-CLB    Doc 186    Filed 03/05/10    Entered 03/22/10 15:41:33    Desc
Main Document    Page 4 of 4