UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
--------------------------------------------------
In re

    SUCCESSOR BORROWER SERVICES, LLC          09-13505 CLB

                Chapter 11 Debtor                  <u>DECISION & ORDER</u>
--------------------------------------------------

                Tracy Hope Davis
                Acting United States Trustee
                By:    Joseph W. Allen
                        Assistant U.S. Trustee, of Counsel
                        Office of the U.S. Trustee
                        300 Pearl Street, Suite 401
                        Buffalo, New York 14202

                SILVERMANACAMPORA LLP
                By:    Ronald J. Friedman, Esq., of Counsel
                        100 Jericho Quadrangle, Suite 300
                        Jericho, New York 11753
                Proposed Attorneys for Operating Chapter 11 Trustee

Bucki, Chief U.S.B.J., W.D.N.Y.

        The Acting United States Trustee has filed an *ex parte* motion seeking this court's approval of her proposed designation of an interim trustee in Chapter 11. For the reasons stated herein, the court will deny this application and will require in this particular case that a hearing be scheduled on any new or renewed application for the approval of an interim trustee.

        Pursuant to 11 U.S.C. § 1104(a), this court previously granted the motions of the Acting United States Trustee and of a creditor for the appointment of a trustee in this Chapter 11 case. The Bankruptcy Code states that when the court orders such an appointment, "the United States trustee, after consultation with parties in interest, shall appoint, **subject to the court's approval**, one disinterested person other than the United States trustee to serve as trustee . . . ." 11 U.S.C. § 1104(d)(emphasis added). Although the statute contemplates an appointment by the United States Trustee, any such appointment will be subject to the approval of the Bankruptcy Court. In exercising its responsibility of review, however, the court needs information sufficient to allow a

meaningful assessment of the qualifications of the proposed trustee and the appropriateness of his or her designation.

In the present instance, the Acting United States Trustee has provided no meaningful information about the qualifications of the proposed Chapter 11 trustee. To the best of the court's knowledge, the proposed Chapter 11 trustee has never served as a trustee in this district and has never appeared in any case filed in this district. In those instances where the proposed trustee is someone who regularly practices before the court, a short statement of credentials may suffice. But here, with no reason to assume familiarity, the United States Trustee has failed to provide any of the kind of information that the court would need to conduct a deliberative review of the proposed appointment. Surely, before granting approval, the court should receive something more than the name and address of the proposed trustee.

The court is constantly mindful of the need for economy in the administration of bankruptcy cases. In the present instance, the proposed Chapter 11 trustee lists an address located hundreds of miles from the courthouse. If the court were to approve the proposed appointment, the estate would incur additional and perhaps substantial costs for transportation. This is not to say that such expenses are necessarily unjustified. In its application for court approval, however, the Acting United States Trustee has provided no such justification. Indeed, the application lacks even the most basic statement or explanation of the reasons for selecting the proposed trustee in Chapter 11.

Section 1104(d) of the Bankruptcy Code requires that the United States Trustee consult with parties in interest before selecting a proposed trustee. In its application, the Acting United States Trustee recites that her office consulted with counsel for three creditors. However, the application gives no indication of consultation with the principal of the debtor and further discloses nothing about the nature of any consultation that did occur. Was the consultation merely a perfunctory exercise? Do interested parties support the proposed selection? Does the proposed trustee have the qualifications that parties in interest see as important to the administration of this case? Again, the application fails to provide the type of meaningful information that would allow the court to determine whether the United States Trustee has appropriately considered the views of all interested parties.

In seeking an order approving her appointment of a Chapter 11 trustee, the Acting United States Trustee has submitted an application that is only six sentences in length.  More critically, it is woefully insufficient to allow an appropriate review of the proposed appointment.  Accordingly, the motion of the Acting United States Trustee is denied.  Further, even before the finalization of her appointment, the proposed Chapter 11 trustee has taken steps that need explanation.  She has adjourned the hearing on a motion seeking relief that the debtor in possession had viewed as time sensitive.  She has also moved for the appointment of counsel that is not even admitted to practice in this district and at rates that may far exceed those normally charged for the same type of representation.  Consequently, with respect to any revised application to appoint a Chapter 11 trustee, the court anticipates a need to review issues that might be best resolved with benefit of oral argument.  Thus, any new appointment motion will be considered only after a hearing on notice to those parties who appeared at prior hearings on the motion for a trustee.

Because it has denied the application to approve the appointment of an interim trustee, the court need not now consider a motion by that putative trustee for the appointment of counsel.  However, if the Acting United States Trustee should submit a new application for the appointment of the same Chapter 11 trustee, the court will consider the application for appointment of counsel at the same time as the hearing on the motion of the Acting United States Trustee.

So Ordered.

Dated:      Buffalo, New York                            /s/       CARL L. BUCKI
            August 4, 2010                               Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.