UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

                                                             Chapter 11

SUCCESSOR BORROWER                      Case No. 09-13505 (CLB)
SERVICES, LLC,
                        Debtor.

-----------------------------------------------------------x


# CHAPTER 11 TRUSTEE'S FIRST AMENDED PLAN OF LIQUIDATION


**SILVERMANACAMPORA LLP**
Attorneys for Marianne T. O'Toole,
  Chapter 11 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Gerard R. Luckman
Ronald J. Friedman



Dated: August 29, 2014

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

                                Chapter 11

SUCCESSOR BORROWER                    Case No. 09-13505 (CLB)
  SERVICES, LLC,
                Debtor.

------------------------------------------------------------x

## CHAPTER 11 TRUSTEE'S FIRST AMENDED PLAN OF LIQUIDATION

This First Amended Chapter 11 Trustee's Plan of Liquidation (the "Plan")is proposed and filed by Marianne T. O'Toole, chapter 11 trustee (the "Trustee") of Successor Borrower Services, LLC (the "Debtor"), the Debtor in the above-captioned case under chapter 11 of the Bankruptcy Code. The Plan provides for the distribution to creditors of the proceeds of the liquidation of the Debtor's assets and recoveries obtained from litigation to holders of Allowed Claims in accordance with the priorities set forth in the Bankruptcy Code.

## ARTICLE I

## DEFINITIONS

For purposes of the Plan, the following terms shall have the meanings set forth below. Terms utilized in this Plan which are defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning set forth in the Bankruptcy Code or the Bankruptcy Rules unless defined in this Plan. The meaning of the defined terms shall be equally applicable to the singular and plural forms of the terms defined, unless a different meaning is clearly required by and explained in the text.

      1.01    "Administrative Expense" shall mean any cost or expense of administration of the Chapter 11 Case entitled to priority in accordance with the provisions of Bankruptcy Code sections 503(b) and 507(a)(1), including, without limitation: (i) Fee Claims; (ii) commissions and expenses of the Trustee; and (iii) any actual, necessary costs and expenses of preserving the Debtor's Estate and of operating the Debtor's business (but only to the extent they are due or payable on or before the Effective Date).

      1.02    "Allowed" shall mean a Claim, other than an Administrative Expense or Interest in the Debtor, which is: (i) listed in the Debtor's Schedules filed in the Chapter 11 Case as of the Effective Date, and not listed in the Schedules as disputed, contingent, unliquidated or unknown and as to which no objection to the allowance thereof is filed; (ii) set forth in a proof of Claim timely and properly filed in the Chapter 11 Case on or before the date fixed by the Bankruptcy Court (or by applicable rule or statute) as the last day for filing such proof of Claim, or late filed with leave of the Bankruptcy Court after notice and opportunity for hearing, and as to which no objection to the allowance thereof is filed; or (iii) determined to be allowed by a Final Order of the Bankruptcy Court. To the extent permitted under Bankruptcy Code section 506(b), an Allowed Claim shall include unpaid interest on the Claim and any reasonable unpaid fees, costs or charges provided for under the agreements under which such Claim arose.

1.03 "Allowed Administrative Expense" shall mean all or that portion of any Administrative Expense which has been Allowed by a Final Order of the Bankruptcy Court.

1.04 "Allowed General Unsecured Claim" shall mean any Allowed Claim that is not an Allowed Administrative Expense, Allowed Fee Claim, Allowed Secured Claim, Allowed Priority Tax Claim, Allowed Priority (Non-Tax) Claim, or Affiliate Claim.

1.05 "Allowed Priority Claim" shall mean any Allowed Claim or portion thereof entitled to priority under Bankruptcy Code sections 507(a)(3) through (a)(6).

1.06 "Allowed Secured Claim" shall mean that portion of an Allowed Claim which is secured by a valid perfected lien on property of the Debtor, to the extent of the value of the interest of the holder of such Allowed Secured Claim in the property of the Debtor as determined by the Bankruptcy Court pursuant to Bankruptcy Code section 506(a), together with interest, fees, costs and charges as may be allowed by the Bankruptcy Court under Bankruptcy Code section 506(b).

1.07 "Allowed Priority Tax Claim" shall mean any Allowed Claim or portion thereof entitled to priority under Bankruptcy Code section 507(a)(8).

1.08 "Avoidance Actions" shall mean any and all claims, suits and causes of action now held or hereinafter acquired by the Debtor, its Estate, the Trustee, whether arising under any agreement or contract or under the Bankruptcy Code or other federal or state law.

1.09 "Bankruptcy Code" shall mean title 11 of the United States Code, as same may be hereafter amended.

1.10 "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Western District of New York, in which the Debtor's Chapter 11 Case is pending, and the United States District Court for the Western District of New York to the extent that in respect of the Chapter 11 Case the District Court may have withdrawn reference, shall have determined to exercise original jurisdiction, or shall have sole authority to enter a Final Order or judgment.

1.11 "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure.

1.12 "Business Day" shall mean any day other than a Saturday, Sunday or legal holiday as defined in Bankruptcy Rule 9006(a).

1.13 "Cash" shall mean cash and cash equivalents, and other readily marketable securities or instruments, including, but not limited to, bank deposits, checks and other similar items.

1.14 "Chapter 11" shall mean chapter 11 of the Bankruptcy Code.

1.15 "Chapter 11 Case" shall mean the Debtor's chapter 11 case filed in the Bankruptcy Court.

1.16 "Claim" shall mean a claim against the Debtor, as defined in Bankruptcy Code section 101(5).

1.17 "Claimant" shall mean the holder of a Claim.

1.18 "Class" shall mean any class into which Allowed Claims and Allowed Interests are classified pursuant to Article II of the Plan.

1.19 "Commencement Date" shall mean July 29, 2009, the date of the filing of the Debtor's voluntary petition for relief under chapter 11 of the Bankruptcy Code.

1.20 "Confirmation Date" shall mean the date the Confirmation Order is entered in the Debtor's Case.

2

CM/1366298.9/059208

Case 1-09-13505-CLB    Doc 614    Filed 09/02/14    Entered 09/02/14 14:10:40    Desc Main Document      Page 3 of 15

1.21 "Confirmation Hearing" shall mean the hearing held by the Bankruptcy Court to consider confirmation of the Plan; as such hearing may be adjourned or continued from time to time.

1.22 "Confirmation Order" shall mean a Final Order of the Bankruptcy Court confirming the Plan in accordance with Bankruptcy Code section 1129.

1.23 "Creditor" shall have the meaning set forth in Bankruptcy Code section 101(10).

1.24 "Debtor" shall mean Successor Borrower Services, LLC.

1.25 "Disallowed Claim" shall mean any Claim or portion of a Claim which has been disallowed by a Final Order of the Bankruptcy Court.

1.26 "Distribute" or "Distribution" shall mean a payment by the Trustee under the terms of the Plan.

1.27 "Distributable Cash" shall mean the Cash held by the Trustee after the Effective Date and the payment in full of all Allowed (i) Administrative Expenses, including Trustee commissions, (ii) reserves for the administration of the Plan, including, but not limited to, the United States Trustee's Fees and Post-Confirmation fees and commissions of the Trustee and her retained professionals, (iii) Fee Claims, (iv) Priority Tax Claims, and (v) Priority (non-tax) Claims.

1.28 "Distribution Date" shall mean any date, subsequent to the Effective Date, on which a Distribution under the Plan is to be made to the holders of Allowed Claims.

1.29 "Effective Date" shall mean the date after the Confirmation Order becomes a Final Order and all of the conditions to the Effective Date in the Plan have been satisfied or waived.

1.30 "Estate" shall mean the Debtor's Chapter 11 estate created on the Commencement Date under Bankruptcy Code section 541.

1.31 "Fee Claims" shall mean claims by professionals retained by the Debtor and the Trustee during the Chapter 11 Case for the payment of fees and the reimbursement of expenses incurred prior to the Effective Date.

1.32 "Final Order" shall mean: (i) an order or a judgment of the Bankruptcy Court; or (ii) a stipulation or other agreement entered into which is "so ordered" by the Bankruptcy Court, the operation or effect of which has not been reversed, stayed, modified or amended and as to which (x) any appeal that has been taken has been finally determined or dismissed or (y) the time to appeal or seek reconsideration has expired by reason of statute or otherwise and as to which no appeal or petition for review, *certiorari* or reconsideration has been taken or is pending (or if such appeal or petition has been granted, it has been finally decided), as a result of which such order, judgment, stipulation or agreement shall have become final in accordance with applicable law.

1.33 "General Unsecured Claim" means an Allowed Claim that is not an Administrative Expense, a Priority (Non-Tax) Claim, Priority Tax Claim, Fee Claim or Secured Claim.

1.34 "Interest" shall mean any rights of a shareholder or holder of a membership interest in respect of an equity interest in the Debtor.

1.35 "Lien" shall have the meaning set forth in Bankruptcy Code section 101(37).

CM/1366298.9/059208

1.36 "Objections Bar Date" shall mean the deadline for the Trustee to file objections to Claims, which deadline shall be the first business day that is ninety (90) days after the Effective Date of the Plan.

1.37 "Person" shall have the meaning set forth in Bankruptcy Code section 101(41).

1.38 "Post Confirmation Debtor" shall mean the Debtor after the Confirmation Date.

1.39 "Priority (Non-Tax) Claims" shall mean any Claim that is entitled to priority status in accordance with Bankruptcy Code section 507(a), other than Priority Tax Claims and Administrative Expenses.

1.40 "Priority Tax Claims" shall mean any Claim for taxes entitled to priority status in accordance with Bankruptcy Code section 502(i) or section 507(a)(8), but specifically excludes any penalty assessed with respect to such taxes.

1.41 "Pro Rata Share" shall mean the proportion that the Allowed Claim bears to the sum of all Allowed Claims of that particular Class.

1.42 "Released Parties" shall have the meaning set forth in Section 10.06 of the Plan.

1.43 "SB Holdings" shall mean SBS SB Holdings, LLC, the Debtor's wholly-owned subsidiary which owns 100% of the SPEs.

1.44 "Schedules" shall mean the schedules of assets and liabilities, lists and statement of financial affairs and executory contracts filed by the Debtor with the Bankruptcy Court, as they may be amended pursuant to the Bankruptcy Rules.

1.45 "SPEs" shall mean the special purpose entities which are or were owned by SB Holdings and which we were established as part of certain "defeasance transactions" involving the Debtor.

1.46 "Tax Code" shall mean title 26 of the United States Code, as amended.

1.47 "Trustee" shall mean Marianne T. O'Toole, as chapter 11 trustee.

1.48 "Unclaimed Property" shall mean any Cash (together with any interest earned thereon) unclaimed on the ninetieth (90th) day following the Distribution Date. Unclaimed Property shall include checks (and the funds represented thereby): (i) which have been returned as undeliverable without a proper forwarding address; (ii) which has not been paid; or (iii) which were not mailed or delivered because of the absence of a proper address for the Claimant.

1.49 "Unsecured Creditor" shall mean the holder of an Unsecured Claim.

## ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 General Rules of Classification. A Claim or Interest is classified in a particular Class for voting and distribution purposes only to the extent the Claim or Interest qualifies within the description of that Class, and is classified in other Classes to the extent the Claim or Interest qualifies within the description of such Classes.

2.02 Administrative Expenses and Priority Tax Claims. Administrative Expenses and Priority Tax Claims have not been classified and are excluded from the Classes of Claims in accordance with Bankruptcy Code section 1123(a)(1).

2.03 Satisfaction of Claims and Interests. The treatment to be provided for Allowed Claims and Interests under this Plan and the consideration provided under this Plan shall be in

4

full satisfaction, settlement and release of all Claims and Interests against the Debtor and its property.

2.04 <u>Bar Dates for Claims</u>. Pursuant to the Bankruptcy Court's Order, dated September 15, 2009, all non-governmental unit Claims against the Debtor were to be filed on or before October 23, 2009, and all Claims of governmental units were to be filed by December 22, 2009. Claims arising from the rejection of executory contracts and unexpired leases shall be governed by the specific orders of the Bankruptcy Court regarding the assumption or rejection of executory contracts and unexpired leases and Article VIII of the Plan.

2.05 <u>Bar Date for Fee Claims</u>. The Confirmation Order or the order scheduling the Confirmation Hearing shall provide a deadline for the filing of requests for payment of Fee Claims incurred prior to the Confirmation Date. Any Person that fails to file an application for the payment of professional fees and expenses on or before the time and date established in the Confirmation Order or the order scheduling the Confirmation Hearing shall be forever barred from seeking payment or reimbursement from the Debtor, its Estate, the Post Confirmation Debtor, or the Trustee.

2.06 <u>Bar Date for Administrative Claims</u>. The Confirmation Order, or the notice of the entry of the Confirmation Order, shall provide a deadline for the filing of Administrative Expense claims.

2.07 <u>Classification</u>. For purposes of the Plan, all Allowed Claims shall be placed in the following Classes:

      2.07.1 Class 1 (Allowed General Unsecured Claims)
      2.07.2 Class 2 (Interests in the Debtor)

## ARTICLE III

## TREATMENT OF CLASSES

3.01 <u>Administrative Expenses</u>. Administrative Expenses are not impaired. On the Effective Date (or in the class of Fee Claims and the Trustee's commission, after orders approving fees and commissions are entered by the Court), or, in each case, as soon as thereafter as is reasonably practicable, each holder of an Allowed Administrative Expense Claim shall receive in full satisfaction thereof an amount in cash equal to the Allowed amount of such Claim.

3.02 <u>U.S. Trustee Fees</u>. Statutory fees, and any applicable interest thereon, are all fees payable pursuant to Chapter 123 of Title 28, United States Code, including, but not limited to, all fees required to be paid by 28 U.S.C. §1930(a)(6) ("U.S. Trustee Fees"). U.S. Trustee Fees will accrue and be timely paid until the Case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid in full on the Effective Date of the Plan. The Trustee shall pay any and all U.S. Trustee fees which become due after the Effective Date.

3.03 <u>Priority Tax Claims</u>. Priority Tax Claims are not impaired. All Allowed Priority Tax Claims shall be paid in full, in Cash, on the Effective Date. Holders of Priority Tax Claims shall not be entitled to vote on the Plan.

3.04 <u>Class 1 General Unsecured Claims</u>. Class 1 Claims are comprised of the Allowed Claims of General Unsecured Creditors. Each holder of an Allowed General Unsecured Claim shall receive on the Distribution Date its Pro Rata Share of the Distributable Cash.

5

3.05  Class 2 Interests.  Holders of Class 2 Interests shall receive no Cash or other property under the Plan and their Interests in the Debtor will be cancelled under the Plan. Class 2 Interest holders are not entitled to vote on the Plan and shall be deemed to have rejected the Plan. Class 2 Interests are impaired.

## ARTICLE IV

## CLAIMS AND INTERESTS IMPAIRED UNDER THE PLAN

4.01  Class 1 Claims and Class 2 Interests are impaired under the Plan.  Class 1 is impaired and entitled to vote on the Plan. Class 2 is impaired, shall receive no Distributions under the Plan, and is conclusively deemed to reject the Plan.

4.02  A Class of Claims shall have accepted the Plan if the Plan is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the holders of allowed Claims in such Class that vote on the Plan, pursuant to Bankruptcy Code section 1126(c).

4.03  To the extent that any Class rejects the Plan, the Trustee intends to seek confirmation of the Plan in accordance with Bankruptcy Code section 1129(b).

## ARTICLE V

## PROVISIONS GOVERNING DISTRIBUTIONS

5.01  Effective Date Payments.  On the Effective Date, the Trustee expects to be holding approximately $480,000, less bank fees, United States Trustee's fees, annual SPE registration taxes and fees, and insurance expenses, in Cash to be used to fund the payments required under the Plan. On the Effective Date or as soon thereafter as is reasonably practicable, the Trustee shall use Cash on hand to (i) remit to holders of Allowed Administrative Expense Claims, Fee Claims and Allowed Priority Claims an amount in Cash equal to the Allowed amount of such Claims, or such lesser amounts as agreed to by such holders; (ii) establish a reserve for the administration of the Plan, including, but not limited to, the United States Trustee's Fees and Post-Confirmation fees and commissions of the Trustee and her retained professionals; and (iii) pay holders of Allowed General Unsecured Claims an amount in Cash equal to their pro rata share of Distributable Cash on account of the Allowed amount of such Claim, without interest.

5.02  Investments by the Trustee.  All Cash held by the Trustee shall be invested in accordance with Bankruptcy Code section 345 in an authorized financial institution, or as otherwise permitted by a Final Order of the Bankruptcy Court during the Chapter 11 Case and as deemed appropriate by the Trustee.

5.03  Delivery of Distributions.  Subject to Bankruptcy Rule 9010 and except as otherwise provided in the Plan, Distributions of Distributable Cash to the holders of Allowed Claims shall be made by the Trustee at (a) the address of each holder as set forth in the Schedules, unless superseded by the address set forth on a proof of Claim filed by such holder, or (b) the last known address of such holder if no proof of Claim is filed or if the Trustee has been notified in writing of a change of address.  If any Distribution is returned as undeliverable, the Trustee may, in her discretion, make such efforts to determine the current address of the holder of the Claim with respect to which the Distribution was made as the Trustee deems appropriate, but no Distribution to any holder shall be made unless and until the Trustee has determined the then-current address of the holder of such Allowed Claims, at which time the

Distribution to such holder shall be made to the holder without interest. The Distributions are deemed to be Unclaimed Property upon the expiration of ninety (90) days following the relevant Distribution date. The Trustee shall have full discretion regarding the most efficient and cost-effective method of making Distributions under the Plan. If, at any time, only de minimis assets remain in the Distribution Account, then the Trustee may in her sole discretion, distribute such assets to the American College of Bankruptcy Foundation, a tax qualified charitable foundation (www.amercol.org).

5.04 <u>Record Date for Distributions</u>. Except as otherwise provided in a Final Order of the Bankruptcy Court, the transferees of Claims that are transferred pursuant to Bankruptcy Rule 3001 on or prior to the Confirmation Date will be treated as the holders of those Claims for all purposes, notwithstanding that any period provided by Bankruptcy Rule 3001 for objecting to the transfer may not have expired by the Confirmation Date. The Trustee shall have no obligation to recognize any transfer of any Claim occurring after the Confirmation Date. In making any Distribution with respect to any Claim, the Trustee shall be entitled instead to recognize and deal with, for all purposes hereunder, only the Person that is listed on the proof of Claim filed with respect thereto or on the Schedules as the holder thereof as of the close of business on the Confirmation Date and upon such other evidence or record of transfer or assignment that are known to the Trustee as of the Confirmation Date.

5.05 Distributions to Holders of Claims – Generally.

(a) <u>Distributions on Account of Allowed Claims Only</u>. Except as otherwise provided in the Plan, Claims shall not be entitled to any Distribution until such Claim becomes an Allowed Claim.

(b) <u>Method of Cash Distributions</u>. Any payment of Distributable Cash to be made pursuant to the Plan shall be in U.S. dollars and may be made by draft, check, or as otherwise required.

(c) <u>Distributions on Non-Business Days</u>. Any payment or Distribution due on a day other than a Business Day may be made, without interest, on the next Business Day.

(d) <u>No Distribution in Excess of Allowed Amount of Claim</u>. Notwithstanding anything to the contrary contained in the Plan, no holder of an Allowed Claim shall receive in respect of such Claim any Distribution (of a value set forth herein or in the Disclosure Statement) in excess of the Allowed amount of such Claim.

(e) <u>Interest on Claims</u>. Except as specifically provided for in the Plan or the Confirmation Order, interest shall not accrue on Claims and no holder of a Claim shall be entitled to interest accruing on or after the Commencement Date on any Claim. Except as expressly provided herein or in a Final Order of the Bankruptcy Court, no Claim shall be allowed to the extent that it is for postpetition interest or other similar charges.

(f) <u>Disputed Payments</u>. If any dispute arises as to the identity of a holder of an Allowed Claim who is to receive any Distribution, the Trustee may, in lieu of making such Distribution to such Person, make such Distribution into an escrow account or hold such Distribution in reserve until the disposition thereof shall be determined by Bankruptcy Court order or by written agreement among the interested parties to such dispute.

(g) <u>Time Bar to Cash Payments by Check</u>. Checks issued by the Trustee on account of Allowed Claims shall be null and void if not negotiated within ninety (90) days after the date of issuance of the check. Requests for the reissuance of any check which becomes null and void pursuant to this Section may be made directly to the Trustee by the holder of the Allowed Claim to whom the check was originally issued. Any Claim in respect of such voided

check must be made in writing on or before the one hundred twentieth (120th) day after the applicable Distribution Date. After that date, all Claims in respect of voided checks shall be discharged and forever barred and the proceeds of those checks shall be deemed Unclaimed Property and shall be distributed as provided herein or in accordance with Bankruptcy Code section 347(b).

(h) <u>Setoff and Recoupment</u>. The Trustee may, but shall not be required to, setoff against, or recoup from, any Claim and the Distributions to be made pursuant to the Plan in respect thereof, any claims or defenses of any nature that the Debtor or the Estate may have against the holder of such Claim, but neither the failure to do so nor the allowance of any Claim under the Plan shall constitute a waiver or release by the Debtor, the Trustee, or the Estate, or any of their successors, of any right of setoff, recoupment claims, rights or Avoidance Actions that the Debtor, the Trustee, the Estate, or any of their successors may possess against such holder. Any setoff or recoupment shall only be made after the affected creditor is provided not less than ten (10) days' notice.

5.06 <u>Distribution of Unclaimed Property</u>. At the end of one hundred twenty (120) days following the relevant Distribution Date of particular Cash or other property to be distributed under the Plan, the holders of Allowed Claims entitled to Unclaimed Property held pursuant to this Section shall be deemed to have forfeited such property, and all right, title and interest in and to such property shall immediately and irrevocably revest in the Post Confirmation Debtor, for use by the Trustee for the benefit of the Estate in accordance with the Plan.

## ARTICLE VI

## MEANS OF EXECUTION OF THE PLAN

6.01 <u>Vesting of Property in Estate</u>. From and after the Effective Date, any property of the Debtor, including any Avoidance Actions and Cash, shall be transferred to and shall vest in the Estate free and clear of all liens, Claim and Interests, to be used by the Trustee to make distributions required by the Plan.

6.02 <u>Abandonment of SPEs</u>. Upon the Effective Date, and pursuant to the terms of the Confirmation Order, the Trustee shall abandon the Estate's interest in SB Holdings, the entity that owns the SPEs. A schedule of the remaining SPEs owned by SB Holdings is annexed hereto, and made part hereof, as **Exhibit A**.

## ARTICLE VII

## IMPLEMENTATION OF THE PLAN

7.01 <u>Discharging the Trustee</u>. Upon the final Distribution of Distributable Cash, the Trustee shall be relieved of her duties as chapter 11 trustee in the Chapter 11 Case.

7.02 <u>Distributions by the Trustee</u>. The Trustee shall have the authority in her sole discretion to make one or more Distributions in accordance with the provisions of this Plan. The Distributions shall be delivered to holders of Allowed Claims at the address indicated in the Debtor's books and records, or the address identified in the proof of claim filed by the creditor.

7.03 <u>Resignation of Officers and Directors; Post Confirmation Debtor</u>. Upon the Confirmation Order becoming a Final Order, each officer, director, employee and agent of the Debtor shall be deemed to have resigned and shall have no decision-making authority or ability to bind the Debtor or the Post Confirmation Debtor. After entry of the Confirmation Order, the Debtor's officers, directors, employees and agents shall not have any role, duties, or authority

with respect to the Post Confirmation Debtor or implementation of the Plan. On and after the Confirmation Date, except as expressly provided for in the Plan, neither the Post Confirmation Debtor nor the Debtor shall conduct any business and shall not be authorized to acquire assets or debt. The Post Confirmation Debtor, and all Cash and assets held by the Post Confirmation Debtor, shall be managed exclusively by the Trustee for the purposes of (a) settling or prosecuting to final judgment all claims, causes of action and objections to Claims owned or commenced by the Debtor or the Trustee, (b) reducing all assets of the Debtor to Cash, (c) making all Distributions provided for in the Plan, and (d) winding up the affairs of the Post Confirmation Debtor.

7.04   Further Actions.  Following the Effective Date, the Trustee shall take the actions necessary to make the payments required under the Plan and may, in the name of the Post Confirmation Debtor, take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan without supervision or approval by the Bankruptcy Court.

7.05   Closing of the Chapter 11 Case.  Upon the Effective Date, the Trustee shall seek authority from the Bankruptcy Court to close the Chapter 11 Case in accordance with the Bankruptcy Code and the Bankruptcy Rules.

7.06   Undeliverable Distributions.  If any distribution to a holder of an Allowed Claim made in accordance with the Plan is returned to the Trustee as undeliverable, no further distributions shall be made to such holder unless and until the Trustee is notified in writing of such holder's then current address, at which time all currently due missed Distributions shall be made to such holder without interest no later than the first business day that is thirty (30) days after such notice is actually received by the Trustee. Undeliverable distributions shall remain in the Distribution Account; until such time that such Distributions shall be deemed Unclaimed Property as provided for in section 1.48 of the Plan.

7.07   Setoffs.  The Trustee may withhold (but not setoff except as set forth below) from the Distributions to be made under the Plan on account of any Allowed Claim an amount equal to any claims, equity interests, rights and claims pursuant to any Avoidance Actions of any nature that the Trustee, the Debtor or the Post Confirmation Debtor may hold against the holder of any such Allowed Claim.  In the event that any such claims, equity interests, rights and Avoidance Actions of any nature that the Trustee, the Debtor or the Post Confirmation Debtor may hold against the holder of any such Allowed Claim are adjudicated by Final Order or otherwise resolved, the Trustee may, pursuant to Bankruptcy Code section 553 or applicable non-bankruptcy law, setoff or recoup against any Allowed Claim and the Distributions to be made pursuant hereto on account of such Allowed Claim (before any Distribution is made on account of such Allowed Claim), the amount of any adjudicated or resolved claims, equity interests, rights and causes of action of any nature that the Trustee, the Debtor or the Post Confirmation Debtor may hold against the holder of any such Allowed Claim, but only to the extent of such adjudicated or resolved amount.  Neither the failure to effect such a setoff or recoupment nor the allowance of any Claim hereunder shall constitute a waiver or release by the Trustee, the Debtor or the Post Confirmation Debtor of any such claims, equity interests, rights and causes of action that the Trustee, the Debtor or the Post Confirmation Debtor may possess against any such holder, except as specifically provided herein. Any setoff shall only be made after the affected creditor is provided not less than ten (10) days' notice.

## ARTICLE VIII

## EXECUTORY CONTRACTS AND LEASES

8.01　Any executory contract or unexpired lease of the Debtor which has not been assumed or rejected by Final Order of the Bankruptcy Court, or which is not the subject of a pending motion to assume on the Confirmation Date, shall be deemed rejected by the Trustee on the Effective Date.

8.02　Any entity with a Claim that arises from the rejection of an executory contract or unexpired lease must file its Claim within thirty (30) days after the earlier of (a) the date of the order rejecting the executory contract or unexpired lease and (b) the Confirmation Date, and shall have the same rights as a Class 1 Claimant to the extent such Claim becomes an Allowed Claim or General Unsecured Claim.

## ARTICLE IX

## RETENTION OF JURISDICTION

9.01　The Bankruptcy Court shall retain jurisdiction pursuant to chapter 11 of the Bankruptcy Code and for the purposes set forth in Bankruptcy Code section 1127(b), including, without limitation, with respect to the following matters;

(a)　to enable the Trustee to prosecute the Avoidance Actions;

(b)　to hear and determine all Avoidance Actions;

(c)　to hear and determine any disputes concerning the classification, allowance or disallowance of any Claim;

(d)　to resolve any disputes concerning any Estate funds;

(e)　to hear and determine all disputed issues relating to a security or ownership interest in any property of the Debtor's Estate or in any proceeds thereof;

(f)　to hear and determine all Claims arising out of any agreement entered into by the Debtor after the Commencement Date;

(g)　to recover all assets and property of the Debtor and the Post Confirmation Debtor wherever located, including the proceeds of any insurance policies in which the Debtor holds an interest;

(h)　to alter, modify and amend the Plan pursuant to Bankruptcy Code section 1127 or to remedy any defect, cure any omissions, or reconcile any inconsistency in the Plan or Confirmation Order as may be necessary to carry out the purpose and intent of the Plan and to extent authorized by the Bankruptcy Code or Bankruptcy Rules;

(i)　to hear and determine such other matters as may be provided for in the Confirmation Order and for the purposes set forth in Bankruptcy Code sections 1127(b) and 1142 or in Bankruptcy Rules 1019 and 3020(d);

(j)　to hear and determine all applications for commissions and expenses of the Trustee and compensation of professionals for services rendered and expenses incurred through the Confirmation Date and thereafter to hear and determine any objections to compensation of professionals;

(k)　to hear and determine any and all pending applications, adversary proceedings, contested matters and litigated matters;

(l) to enter orders that are necessary or appropriate to carry out the provisions of the Plan, including orders interpreting the provisions of the Plan;

(m) to enter a Final Order or decree concluding the Debtor's Chapter 11 Case; and

(n) to determine such other matters as may be provided for in the Confirmation Order or as may be authorized under the provisions of the Bankruptcy Code.

# ARTICLE X

# EFFECT OF CONFIRMATION

10.01 Conditions Precedent to the Effective Date. The following are the conditions precedent to the Effective Date of the Plan

(a) the Bankruptcy Court shall have entered the Confirmation Order in form and substance acceptable to the Trustee; and

(b) the Confirmation Order shall become a Final Order.

10.02 No Discharge of Claims. PURSUANT TO BANKRUPTCY CODE SECTION 1141(d)(3), CONFIRMATION OF THE PLAN WILL NOT DISCHARGE CLAIMS AGAINST THE DEBTOR, OR ANY MEMBER OR INTEREST HOLDER OF THE DEBTOR; *PROVIDED, HOWEVER*, THAT NO HOLDER OF A CLAIM AGAINST THE DEBTOR MAY, ON ACCOUNT OF SUCH CLAIM, SEEK OR RECEIVE ANY PAYMENT OR OTHER DISTRIBUTION FROM, OR SEEK RECOURSE AGAINST, THE DEBTOR, THE TRUSTEE, OR THE POST CONFIRMATION DEBTOR, OR THEIR RESPECTIVE SUCCESSORS OR THEIR RESPECTIVE PROPERTY, EXCEPT AS EXPRESSLY PROVIDED IN THE PLAN

10.03 Injunction. EXCEPT AS OTHERWISE PROVIDED IN THE PLAN OR THE CONFIRMATION ORDER, FROM AND AFTER THE CONFIRMATION DATE, ALL PERSONS ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR PROCEEDING (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) AGAINST THE DEBTOR, THE DEBTOR'S PROPERTY, THE ESTATE, THE TRUSTEE OR THE TRUSTEE'S PROFESSIONALS, BASED ON ANY ACT, OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED ON OR BEFORE THE CONFIRMATION DATE, EXCEPT THOSE ASSERTING CLAIMS BASED ON GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF FIDUCIARY DUTY, CRIMINAL CONDUCT, *ULTRA VIRES* ACTIONS.

10.04 NOTHING IN THE PLAN OR THE CONFIRMATION ORDER SHALL ENJOIN THE UNITED STATES GOVERNMENT OR ANY OF ITS AGENCIES OR ANY STATE AND LOCAL AUTHORITY, FROM BRINGING ANY CLAIM, SUIT, ACTION OR OTHER PROCEEDINGS (WHETHER DIRECTLY, INDIRECTLY, DERIVATIVELY OR OTHERWISE) AGAINST THE DEBTOR, OR ANY OF THE DEBTOR'S OFFICERS, DIRECTORS, MEMBERS, EMPLOYEES, ATTORNEYS, ADVISORS, AGENTS, REPRESENTATIVES AND ASSIGNS, OR THE DEBTOR'S PROPERTY, FOR ANY LIABILITY, INCLUDING UNDER THE INTERNAL REVENUE CODE, THE ENVIRONMENTAL LAWS OR ANY CRIMINAL LAWS OF THE UNITED STATES OR ANY STATE OR LOCAL AUTHORITY. IN ADDITION, THE INJUNCTION PROVIDED FOR IN THE PLAN SHALL NOT RELEASE ANY ATTORNEY FROM ANY OBLIGATIONS OWED UNDER RULE 1.8(h) OF THE NEW YORK STATE RULES OF PROFESSIONAL CONDUCT.

10.05  Release By The Debtor.  PURSUANT TO BANKRUPTCY CODE SECTION 1123(b), AND EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN, UPON THE EFFECTIVE DATE, THE DEBTOR, ITS OFFICERS, MEMBERS, MANAGERS, AGENTS, AND EMPLOYEES, SHALL RELEASE UNCONDITIONALLY, AND EACH HEREBY IS DEEMED TO FOREVER RELEASE UNCONDITIONALLY THE TRUSTEE AND HER ATTORNEYS AND ACCOUNTANTS (COLLECTIVELY, THE "RELEASED PARTIES"), FROM ANY AND ALL CLAIMS, OBLIGATIONS, SUITS, JUDGMENTS, DAMAGES, RIGHTS, CAUSES OF ACTION AND LIABILITIES WHATSOEVER (OTHER THAN THE RIGHT TO ENFORCE THE PERFORMANCE OF THEIR RESPECTIVE OBLIGATIONS, IF ANY, TO THE DEBTOR, THE TRUSTEE OR THE POST CONFIRMATION DEBTOR UNDER THE PLAN), WHETHER LIQUIDATED OR UNLIQUIDATED, FIXED OR CONTINGENT, MATURED OR UNMATURED, KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, THEN EXISTING OR THEREAFTER ARISING, IN LAW, OR OTHER OCCURRENCE TAKING PLACE ON OR PRIOR TO THE EFFECTIVE DATE, EXCEPT FOR THOSE CLAIMS OR LIABILITIES ARISING OUT OF OR RELATING TO ANY ACT OR OMISSION THAT CONSTITUTES GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF FIDUCIARY DUTY, CRIMINAL CONDUCT, *ULTRA VIRES* ACTIONS.

10.06  Subject to Bankruptcy Code sections 524 and 1141, the releases described herein and in the Plan shall not preclude police, federal tax, or regulatory agencies from fulfilling their statutory duties.  Any Person accepting any Distribution pursuant to the Plan shall be presumed conclusively to have released the Released Parties from any claim or cause of action arising from or based on the same subject matter as the Claim or Interest, except as provided for above concerning claims by the United States Government or any of its agencies or any State and Local Authority.  The release described in the preceding sentence shall be enforceable as a matter of contract.

10.07  The releases described herein and in the Plan are in addition to, and not in lieu of, any other release separately given, conditionally or unconditionally, by the Debtor, the Trustee or Post Confirmation Debtor to any other Person.  Any release given by the Debtor, the Trustee or a person which is part of or subject to a final order of the Bankruptcy Court remains in full force and effect and is ratified by the Plan. Notwithstanding the foregoing, the releases herein and in the Plan shall not release ANY attorney from any obligations owed under Rule 1.8(h) of the New York State Rules of Professional Conduct.

10.08  Exculpation.  THE RELEASED PARTIES SHALL NOT HAVE OR INCUR ANY LIABILITY TO ANY HOLDER OF A CLAIM OR INTEREST FOR ANY ACT OR OMISSION IN CONNECTION WITH, OR ARISING OUT OF, THE CHAPTER 11 CASE, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN OR THE ADMINISTRATION OF THE PLAN OR THE PROPERTY OR CASH TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT FOR GROSS NEGLIGENCE, WILLFUL MISCONDUCT, BREACH OF FIDUCIARY DUTY, CRIMINAL CONDUCT, *ULTRA VIRES* ACTIONS, OR THE DISCLOSURE OF CONFIDENTIAL INFORMATION THAT CAUSES DAMAGES, AND, IN ALL RESPECTS, THE RELEASED PARTIES, AND EACH OF THEIR RESPECTIVE MEMBERS, OFFICERS, DIRECTORS, EMPLOYEES, ADVISORS AND AGENTS SHALL BE ENTITLED TO RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES UNDER THE PLAN.

10.09  Persons or Entities Not Released by the Debtor.  Except for the releases contained in the Plan and the Confirmation Order, the Trustee, the Debtor and the Estate are not releasing any claims or actions against any Person, or their respective affiliates, assigns, agents, directors, officers, advisors, accountants, investment bankers, consultants, attorneys and other representatives of any of the foregoing.

10.10 <u>Good Faith</u>. The entry of the Confirmation Order shall constitute a determination by the Bankruptcy Court that the Released Parties have acted in good faith and in compliance with the applicable provisions of the Bankruptcy Code, pursuant to, among others, Bankruptcy Code sections 1125(e) and 1129(a)(3), with respect to the foregoing.

10.11 <u>Reservation of Claims</u>. The Trustee expressly reserves the right to prosecute, and is hereby deemed to have reserved the right to prosecute, all available causes of action, claims, and Avoidance Actions (a) belonging to the Debtor, the Debtor's Estate, and the Trustee as of the Confirmation Date, against anyone, and (b) all claims for recovery of damages for fraud, waste, mismanagement or breach of fiduciary duty.

# **ARTICLE XI**

# **MISCELLANEOUS PROVISIONS**

11.01 <u>Headings</u>. The headings used in the Plan are inserted for convenience or reference only and are not part of the Plan.

11.02 <u>Notices</u>. Notices shall be deemed given when transmitted. All notices, requests or demands described in or required to be made in accordance with the Plan shall be in writing and shall be delivered by overnight mail and email transmission as follows:

    (a)    If to the Trustee:

> Marianne T. O'Toole
> Chapter 11 Trustee
> 22 Valley Road
> Katonah, New York 10536
> motoole@otoolegroup.com

With a copy to:

> SilvermanAcampora LLP
> 100 Jericho Quadrangle - Suite 300
> Jericho, New York 11753
> Attn: Ronald J. Friedman
> (516) 479-6300
> rfriedman@silvermanacampora.com

    (b)    If to a holder of a Claim or Interest, (a) at the address set forth in its proof of Claim or proof of Interest filed with and allowed by the Bankruptcy Court, or (b), if such Claim or Interest has been assigned prior to the Effective Date and a notice of assignment has been filed with the Bankruptcy Court, the address set forth in such notice of assignment, or (c), if no proof of Claim or proof of Interest was filed, at its address set forth in the Schedules prepared and filed by the Debtor with the Bankruptcy Court pursuant to Bankruptcy Rule 1007(b).

11.03 <u>Change of Address.</u> Any of the parties identified in section 11.01 of the Plan may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this Article to the Trustee, as the case may be, and her counsel.

11.04 <u>Modification of the Plan.</u> The Trustee reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan at any time prior to

13

CM/1366298.9/059208

Case 1-09-13505-CLB    Doc 614    Filed 09/02/14    Entered 09/02/14 14:10:40    Desc
Main Document    Page 14 of 15

the entry of the Confirmation Order.  After the entry of the Confirmation Order, the Trustee may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.  A holder of an Allowed Claim that is deemed to have accepted the Plan shall be deemed to have accepted the Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim of such holder.

11.05  <u>Reservation of Rights.</u>  Nothing contained herein shall prohibit the Trustee from prosecuting or defending any of the rights of the Debtor's Estate, including without limitation, the Avoidance Actions

11.06  <u>Payment Dates</u>.  If payments or Distributions are due to be made under the Plan on a day other than a Business Day, such payment or Distribution shall instead be made, without interest, on the first (1st) Business Day immediately following the due date.  Payment shall be considered timely upon issuance of the check representing the payment, not the day it is received.

11.07  <u>Severability</u>.  Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of the Plan.

11.08  <u>Successors and Assigns</u>.  The rights and obligations of any entity named or referred to in the Plan shall be binding upon, and shall inure to the benefit of, the successors and assigns of such entity.

11.09  <u>Governing Law</u>.  Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

11.10  <u>Section and Article References</u>.  Unless otherwise specified, all references in the Plan to Sections and Articles are to Sections and Articles of the Plan.

Dated: Katonah, New York
August 29, 2014

*s/Marianne T. O'Toole, As Trustee*
**MARIANNE T. O'TOOLE**
Chapter 11 Trustee for Successor Borrower
  Services, LLC, and Solely in that Capacity

Dated: Jericho, New York
August 29, 2014

**S**ILVERMAN**A**CAMPORA **LLP**
Attorneys for Marianne T. O'Toole, Chapter 11
  Trustee for Successor Borrower Services, LLC

Gerard R. Luckman
A Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

14

CM/1366298.9/059208